UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

FULGENCIO TALAVERA, on behalf of himself and others similarly situated,

                Plaintiff,

-v-

987 SUPERMARKET INC. d/b/a LOS VECINOS MEAT MARKET & SUPERMARKET, RAFAEL A. GUZMAN, and ROMAN RODRIGUEZ,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2025
```

**ORDER**

24-CV-3089 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    The Court is in receipt of the Parties' joint letter (the "Joint Letter") requesting approval of a settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 31. The Court has reviewed the Parties' submission and is unable to approve it without further information.

    The Parties have not provided adequate information for the Court to assess the reasonableness of the Settlement Agreement and Release of Wage and Hour Claims at ECF No. 31-1 (the "Settlement Agreement"). The Settlement Agreement allocates $14,800.41 to Plaintiff's counsel for attorney's fees and costs. ECF No. 31-1 at 2. However, Plaintiff's counsel did not provide their fee agreement with Plaintiff or contemporaneous time records documenting their work for Plaintiff. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) ("contemporaneous time records are a prerequisite for attorney's fees in this

Circuit.") (citation omitted); *see also Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010) (reiterating that controlling law in the Second Circuit "requires that all applications for attorney's fees be supported by contemporaneous records.").

Moreover, the Parties did not include documentation to support their cost calculation, nor did they provide information regarding Plaintiff's counsel's credentials and experience. *See Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *3 (S.D.N.Y. July 2, 2014) (rejecting request for attorneys' fees absent substantiating documentation allowing the court to assess the reasonableness of the fee); *see also Custodio v. Am. Chain Link & Const., Inc.*, No. 08-CV-7184 (GBD) (HBP), 2014 WL 116147, at *7 (S.D.N.Y. Jan. 13, 2014) ("Judges in this district have routinely denied requests for attorney's fees where applications were not properly supported by information on attorneys' qualifications and experience.") (citations omitted).

Finally, the Parties did not address whether the Settlement Agreement has been translated for Plaintiff, or if such translation is necessary. *See Rosario v. MCS Props. LLC*, No. 17-CV-05573 (RA), 2018 WL 6538183, at *1 (S.D.N.Y. Nov. 20, 2018) (finding an agreement and release provision fair and reasonable where it was translated to Spanish, Plaintiff's primary language).

Accordingly, by **October 8, 2025,** Plaintiff's counsel is directed to submit: (1) contemporaneous time records; (2) the fee agreement between Plaintiff and Plaintiff's counsel; (3) documentation to support the cost calculation; (4) information regarding Plaintiff's counsel's credentials and experience; and (5) information

regarding whether Plaintiff requires a translated copy of the Settlement Agreement. If Plaintiff does require a translated copy, Plaintiff's counsel is directed to provide Plaintiff and the Court with the translated Settlement Agreement.

**SO ORDERED.**

Dated: September 17, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge